UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Palanki*, 3:19cv2324 | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

# ORDER

This Order addresses the parties' trial briefs on whether Tennessee's statutory caps on noneconomic and punitive damages apply in Plaintiff Palanki's case.[1] Having fully considered the matter, the Court finds that the statutory caps apply, absent a contrary ruling from the Tennessee Supreme Court on certification of the question.[2]

Tennessee law provides for compensatory damages, including economic and noneconomic damages, and punitive damages, which are addressed in separate sections of the Tennessee Code. Under the Tennessee Civil Justice Act of 2011,[3]

---

[1] ECF Nos. 69, 70. The parties agree Tennessee law applies to Palanki's case. *See* ECF No. 21.

[2] Plaintiff argues that the applicability of the statutory caps is not ripe unless and until Plaintiff obtains a verdict in excess of the caps. *See Clark v. Cain*, 479 S.W.3d 830, 832 (Tenn. 2015). Because this issue will impact the parties' presentation of the evidence at trial, the Court believes it is prudent to rule in advance of trial.

[3] The Act established caps on noneconomic and punitive damages for "all liability actions for injuries, deaths and losses covered by this act which accrue on or after" October 1, 2011. *See*

awards of noneconomic damages are generally capped at $750,000.00, Tenn. Code Ann. § 29-39-102(a)(2), and punitive damages are capped at "[t]wo (2) times the total amount of compensatory damages awarded" or $500,000.00, whichever is greater, Tenn. Code Ann. § 29-39-104(a)(5). Both statutory caps are subject to the same four "cap-busting" exceptions, two of which are relevant to this discussion:[4]

>    (1)   If the defendant had a specific intent to inflict serious physical injury, and the defendant's intentional conduct did, in fact, injure the plaintiff;
>
>    (2)   If the defendant intentionally falsified, destroyed or concealed records containing material evidence with the purpose of wrongfully evading liability in the case at issue; provided, however, that this subsection . . . does not apply to the good faith withholding of records pursuant to privileges and other laws applicable to discovery, nor does it apply to the management of records in the normal course of business or in compliance with the defendant's document retention policy or state or federal regulations[.]

Tenn. Code Ann. § 29-39-102(h)(1)-(2); *see also id.* § 29-39-104(a)(7)(A)-(B).

---

2011 Tenn. Pub. Acts, c. 510, § 24; *see also McClay v. Airport Mgmt. Servs., LLC*, 596 S.W.3d 686, 689 (Tenn. 2020). The parties agree that Palanki's injuries accrued after October 1, 2011. *See* ECF Nos. 98, 99. Under Tennessee law, a liability action does not accrue until the plaintiff discovers or reasonably should have discovered "the identity of the defendant who breached the duty" and after the plaintiff suffers injury. *Wyatt v. A-Best, Co.*, 910 S.W.2d 851, 855 (Tenn. 1995). Palanki testified that he did not know the CAEv2 earplugs were not providing adequate protection until 2018 or 2019. *See* ECF No. 99-1 at 212:9-213:3.

[4] The remaining two exceptions are not relevant to this case. *See* Tenn. Code Ann. § 29-39-102(h)(3)-(4); *see also id.* § 29-39-104(a)(7)(C)-(D).

Palanki argues that there is a dispute of fact and thus a jury question as to whether subsections (1) or (2) apply in this case.[5] The Court disagrees. First, Palanki has not presented any facts to support his assertion that Defendants had a specific intent to inflict serious physical injury on Palanki, nor is the Court aware of any facts in the record to support this assertion. *Id.* § 29-39-102(h)(1). Second, the exception for intentionally concealing records, on its face, applies only when a defendant is purposefully trying to avoid liability "*in the case at issue*." *Id.* § 29-39-102(h)(2) (emphasis added); *see Yebuah v. Ctr. for Urological Treatment, PLC*, 624 S.W.3d 481, 486-87 (Tenn. 2021) (noting that a statute's language is of "primary importance" in determining legislative intent). To the extent Palanki argues that alleged concealment of the Flange Report is evidence of Defendants' intentional concealment of records to evade liability, the Court disagrees because Defendants cannot purposefully conceal documents to avoid liability "in the case at issue" if the alleged concealment occurred before Palanki ever used the CAEv2. Tenn. Code Ann. § 29-39-102(h)(2). The remaining language of subsection (2) is also telling because it clearly relates to discovery conduct, which could only occur "in the case at issue." *Id.* Thus, on its face, the exception contemplates post-suit conduct by

---

[5] "If there is a dispute of fact, the trier of fact, by special verdict, shall determine whether the exceptions set forth in [§ 29-39-102(h) and § 29-39-104(a)(7)] apply to the defendant and the cause of action." *Id.* § 29-39-102(i); *id.* § 29-39-104(a)(8).

Defendants.[6]  For these reasons, the statutory caps on noneconomic and punitive damages apply to Palanki's case.

Palanki also argues that the statutory cap on punitive damages violates the Tennessee Constitution and he has given notice of this challenge to the Attorney General of the State of Tennessee.  To the extent the jury awards punitive damages in excess of the statutory cap at trial, the Court intends to certify the question of whether the punitive damages cap is constitutional to the Tennessee Supreme Court.

**DONE and ORDERED** on this 29th day of October 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[6] Plaintiff cites *Provectus Biopharmaceuticals, Inc., v. Dees* for its argument that the exception applies to pre-suit conduct. 2017 WL 3161691, at *5 (E.D. Tenn. July 25, 2017).  The Court is not persuaded given the plain language of the statute and the lack of any discussion in *Provectus* of the statutory language.